IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Timothy A. Hale,**       )
                           )
       Petitioner,   )
                           )
v.                         )  2:06cv1530
                           )  Electronic Filing
                           )  Judge David S. Cercone
**Franklin J. Tennis, et al.,**  )  Magistrate Judge Lenihan
                           )
       Defendants.   )

## **MEMORANDUM ORDER**

AND NOW, this 12th day of May, 2009, after de novo review of the record and upon due consideration of [35] the magistrate judge's report and recommendation filed on February 4, 2009, and [36] petitioner's objections thereto, IT IS ORDERED that petitioner's objections are overruled, the Petition for Writ of Habeas Corpus is dismissed and the concomitant request for a certificate of appealability is denied. The report and recommendation as augmented below is adopted as the opinion of the court.

Petitioner's objections are without merit. The contention that the inconsistencies perceived by petitioner were not adequately highlighted and made known to the jury is unavailing. As noted by the Superior Court and as recounted in the Report and Recommendation, one of the statements was in response to a different point in time during the crime, thereby rendering any comparison for inconsistency fraught with the potential for unneeded prejudice. Furthermore, trial counsel pursued a strategy of focusing on the differences between the victim's account and her friend's account as a means of creating doubt about whether the victim told petitioner to stop once she regained consciousness. As to the remaining perceived inconsistencies, the record bears out the decision by trial counsel not to highlight certain statements as part of a sound strategy to pursue a defense based on consent.

Petitioner's arguments concerning the use of the word "victim," the Commonwealth's use

of "perjured" testimony, the prosecutor's closing remarks, and the presentation of the charge by information similarly do not rise to the level of a denial of fundamental fairness or due process. Saying that they do does not provide grounds for relief.

Petitioner's efforts at recycling all of his arguments as ineffective assistance of counsel claims fail for the same reasons. Claims of ineffectiveness are evaluated pursuant to Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the

election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Petitioner's attempt to ignore the undisputed context and circumstances which defense counsel had to take into account while trying to convince the jury that the victim had knowingly consented to the sexual encounter with petitioner is misplaced. Petitioner does not and did not claim that the victim was lying about the entire event. Instead, in hindsight he seeks to establish that counsel could have done a better job of demonstrating the minor was a liar about certain aspects of her in court testimony. But the contention that the failure to make such an attack on the minor constituted constitutionally deficient performance fails to accord deference to counsel regarding how a jury would likely react to such an approach. Counsel was entitled to base the decision on the strength of the evidence that would support such an approach. To suggest after conviction that such an attack on the victim's credibility, as opposed to attempting to raise doubt based on inconsistencies in the entire Commonwealth's case, would have been a better trial strategy or produced a difference result is conjecture at best and is undermined sufficiently by a comparison of the purported inconsistencies highlighted by petitioner, see Doc. No. 37-2, and objective consideration of all the circumstances confronting counsel at the time. Trial counsel handled all of the matters raised by petitioner in a sound and competent manner and petitioner's post-conviction characterizations do not transform his efforts into matters of constitutional error.

Petitioner's remaining objections are more than persuasively dealt with in the report and recommendation. Accordingly, the above order is appropriate.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Magistrate Judge Lenihan

      Gregory Simatic, ADA
      Office of the District Attorney
      10 East High St., Rm. 304
      Waynesburg, PA 15370

Timothy A. Hale
FR - 0255
SCI Rockview, Box A
Bellefonte, PA 16823